No. 3754.—AMANDA R. RICHARDSON *v.* MRS. E. E. BARROW et al., and LEHMAN, NEWGASS & Co. *v.* MRS. E. E. BARROW et al.

In this case the judgment creditors of the wife sought to enforce payment by a seizure and sale of her property. The husband brought suit by intervention, and alleged that the property under seizure was encumbered by a tacit mortgage in favor of his former wife and her heirs, to whom he was tutor; that during the former marriage he was the owner of the property seized; that he had received forty thousand dollars from his former wife of her individual funds, and had applied them to his own use for which he had never accounted, and the tacit mortgage attached to his property now under seizure. He further alleged his utter insolvency and asked that the proceeds of the sale of the property be paid to him as the tutor of his minor children by a former marriage, as their tacit mortgage on the property seized was superior to that of the suing creditors.

Held—That the tutor in order to pay a debt due by himself to his minor children (he being insolvent) could not be allowed to receive the proceeds of the sale of property subject to a tacit mortgage, to secure said debt.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana, *Miller*, J. *Samuel J. Powell* and *Collins & Leake*, for tutor, opposing appellant. *Winter & Butler*, for the creditors.

LUDELING, C. J. Amanda R. Richardson and Lehman, Newgass & Co., having obtained judgments against Mrs. E. E. Barrow, were proceeding to execute their judgments when John J. Barrow, the husband of Mrs. E. E. Barrow, instituted the present suit. He avers that he is the tutor of his minor children by a former

134      SUPREME COURT OF LOUISIANA,

Richardson v. Barrow et al., and Lehman, Newgass & Co. v. Barrow et al.

marriage; that he owed them forty thousand dollars as the heirs of his former wife, in consequence of having received forty thousand dollars belonging to her and used it for his own benefit; and that the property now in the name of his second wife, and against which her creditors are proceeding, was burdened with the tacit mortgage in favor of his first wife for the forty thousand dollars, as the same property had belonged to him. He avers that he is totally insolvent, and prays that the proceeds of the sale of the property be paid to him, as the tutor of his children, as the tacit mortgage before mentioned is superior in rank to that of the creditors of his second wife. This might be a convenient arrangement for him, but what would become of the security, studiously provided by the lawmaker, for the rights of the minors? To pay a debt due by himself to his children, he desires that the proceeds of property subject to a tacit mortgage to secure said debt be paid to him, the debtor, who is insolvent. It is the duty of courts to see that the rights of minors are not sacrificed, especially with their aid.

The judgment of the lower court rejecting the plaintiff's demand is correct.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.